KARASEK *v.* PEOPLES STATE TRUST & SAVINGS BANK.

1. Judgment—Setting Aside Default Judgment—Process—Fraud —Burden of Proof.

> In suit to set aside default judgment in law case, plaintiff's claim that defendants' attorney by fraud and misrepresentation prevented plaintiffs from entering their appearance, and also that no service was had on one of plaintiffs, *held*, to present issues of fact, with burden of proof on plaintiffs.

2. Same—Fraud—Sufficiency of Proof.

> Finding of trial court that service was had on both plaintiffs, and that claimed fraud and misrepresentation, preventing them from entering their appearance and resulting in default judgment, had not been established by sufficient proof, *held*, justified by record.

3. Same—Irregularity—Default Judgment—Statutes.

> Discrepancy between wording of declaration as filed and that of copy served on one of defendants, arising from erroneous reference in original declaration to one defendant as wife instead of mother of other defendant, was immaterial irregularity or defect which does not invalidate default judgment (3 Comp. Laws 1929, § 14148).

Appeal from Wayne; Spier (James E.), J., presiding.  Submitted January 5, 1933.  (Docket No. 34, Calendar No. 36,792.)   Decided April 4, 1933.

Bill by Edward and Josephine Karasek against Peoples State Trust & Savings Bank of Pontiac and another to set aside a default judgment in a law case.  Bill dismissed.  Plaintiffs appeal.  Affirmed.

*Joseph A. Bloom* (*Leslie D. Bloom,* of counsel), for plaintiffs.

*Lovett & Orr,* for defendants.

NORTH, J.   Plaintiffs by their bill of complaint sought in the circuit court to have set aside and held for naught their default and a judgment against them entered in a case at law wherein the defendant savings bank was plaintiff and plaintiffs herein were defendants.  The relief sought was denied, and from the decree dismissing plaintiffs' bill of complaint they have appealed.

It is claimed by the defendant bank that plaintiffs herein as defendants in the law case were each served with a copy of the declaration and rule to plead.  Service of the declaration upon him is admitted by Edward Karasek; but he claims to have been misled and deceived, shortly after service upon him, by the attorney who represented the plaintiff in the law case, and that in consequence of such deception, he, Karasek, paid no attention to the service made upon him.  In substance, and as stated in appellants' brief, it is Karasek's claim that the attorney for the plaintiff in the law case, after hearing Karasek's contention as to the matter involved, advised Karasek "that he had a good and meritorious defense, was not liable, and to forget about the

case." Mrs. Josephine Karasek, Edward's mother, denies that any service whatever was made upon her. These claims presented issues of fact as to which there was a direct conflict in the testimony offered in behalf of the respective parties on the hearing of this case. The burden of proof was upon plaintiffs. At the conclusion of the hearing the circuit judge said:

"In this case the court is satisfied that service of process was made upon both the plaintiffs, Edward Karasek and Josephine Karasek, as returned by the deputy sheriff; and the court further feels that there has not been sufficient proof of any fraud or misrepresentation preventing plaintiffs from entering their appearance or protecting their rights."

A careful review of this record satisfies us that the circuit judge reached the right conclusion.

Appellants also stress the claim that there was a discrepancy between the wording of the declaration as filed and that of the copy served upon one of the defendants in the law case. This discrepancy, which we think is insignificant and immaterial, arose from an erroneous reference in the original declaration to the defendant Josephine Karasek as the wife of Edward Karasek. Instead, she was Edward's mother. In the copy of the declaration served on one of the defendants in the law case a line was drawn through the two words "his wife." The deputy sheriff testified that in the copy which he served on Josephine "there were no alterations;" but he made his return of service "of a true copy" on a copy of the declaration from which the two words "his wife" had been stricken. We omit further details, because, under the circumstances here presented, it conclusively appears that no one was deceived or in any way misled by the erroneous reference to

Josephine Karasek as Edward's wife instead of as his mother. At most it was an immaterial irregularity or defect which does not invalidate the judgment.

"When a verdict shall have been rendered in any cause, the judgment thereon shall not be stayed, nor shall any judgment upon confession, or default, be reversed, impaired, or in any way affected by reason of the following imperfections, omissions, defects, matters or things, or any of them, in the pleadings, process, record or proceedings, namely: * * * (3) For any variance between the original writ, bill, plaint and declaration, or between either of them." 3 Comp. Laws 1929, § 14148.

The decree entered in the circuit court in chancery is affirmed, with costs to appellees.

McDONALD, C. J., and CLARK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.