PARLOVE v KLEIN

WILLEY v PARTRIDGE

1. NEW TRIAL—JURISDICTION—NEWLY-DIVIDED CIRCUIT.

A judge in a newly-divided circuit has jurisdiction to grant a new trial in a case heard by the predecessor judge; however, it is better if the successor judge disqualifies himself and allows the predecessor judge to be assigned for the purpose of hearing the motions.

2. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—ELEMENTS.

A new trial will be granted on the basis of newly-discovered evidence if (1) the evidence and not merely its materiality is newly discovered, (2) the evidence is not cumulative, (3) the evidence is such to render a different result probable on retrial, and (4) the party could not, with reasonable diligence, have discovered and produced the evidence at the trial (GCR 1963, 527.1[6]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur 2d, New Trial § 202.
[2] 58 Am Jur 2d, New Trial § 166.
[3] 58 Am Jur 2d, New Trial § 176 et seq.
[4] 58 Am Jur 2d, New Trial § 167.
[5] 58 Am Jur 2d, New Trial § 16.

3. New Trial—Newly-Discovered Evidence—Cumulative Evidence.

A photograph, introduced as newly-discovered evidence in an ejectment case where the date a fence was built was at issue, showing a 1946 automobile and no fence, was not such evidence as would warrant the granting of a new trial where there was prior testimony that the fence was not built until 1947 and the photograph would be merely cumulative.

4. New Trial—Newly-Discovered Evidence—Evidence Available at Trial.

A letter from a public utility explaining that the date on their light pole merely indicates the age of the pole and not the date the pole was placed in a given location was not such newly-discovered evidence as would warrant the granting of a new trial where the letter could have, with reasonable diligence, been produced at trial.

5. New Trial—Fraud on the Court—Plaintiff's Theory of Case.

The failure of defendant to produce a book containing a record of the drug being administered testatrix at the time of the writing of her will is not a ground for a new trial, even assuming that act constituted fraud on the court, where plaintiffs attacked the validity of the will on the basis of undue influence and not on the theory of lack of testamentary capacity.

Appeals from Livingston, Paul R. Mahinske, J. Submitted Division 2 May 13, 1971, at Lansing. (Docket Nos. 9778, 9858.) Decided January 17, 1972. Leave to appeal denied as to *Willey* v *Partridge*, 387 Mich 780.

Complaint by Philip and Angelina Parlove against William G. and Olga Klein for ejectment. Judgment for defendants. Plaintiffs' motion for a new trial granted. Defendants appeal on leave granted.

Petition by Wanda Partridge for probate of the will of Hazel M. Willey. Gary H. Willey and others objected to the petition. Judgment for proponent.

Contestants appeal. Affirmed. Contestants move for a new trial alleging fraud upon the court by proponent. Motion granted. Proponent appeals by leave granted.

Cases consolidated on appeal. Orders by which new trials were granted are set aside and the original judgments reinstated.

*Shankland, Hiller, McCormick & Barnett,* for plaintiffs Parlove.

*Stanley Berriman* and *E. Reed Fletcher,* for defendants Klein.

*Manning, Bolach & Finn,* for contestants Willey and others.

*Joseph C. Cox (Kerr, Wattles & Russell,* of counsel), for proponent Partridge.

Before: McGREGOR, P. J., and HOLBROOK and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. The Court of Appeals granted leave to appeal and consolidated both of the above cases on the basis of the common issue concerning the propriety of orders granting new trials in each case.

Both lawsuits were originally heard and decided by Honorable Michael Carland, sitting in the 35th circuit composed of Shiawassee and Livingston Counties. Later the latter county was split off to form the 44th circuit, and Honorable Paul R. Ma-

---

* Former Circuit Judge, sitting on the Court of Appeals by assignment pursuant ot Const 1963, art 6, § 23 as amended in 1968.

hinske was elected to serve as judge of the newly-created 44th circuit.

The first issue to be decided may be worded as follows:

*Does a successor judge in a newly-divided circuit have jurisdiction to grant a new trial in a case heard by the predecessor judge who now sits in the neighboring circuit?*

It is unnecessary to review the Constitution, rules and statutes in order to answer this question. *Insurance Co.* v. *Circuit Judge* (1890), 79 Mich 241, 243, provides the solution:

"There is no law which disqualifies a judge from rehearing a motion or cause which has been passed upon by another judge sitting in the same court. It is true that some judges have declined to review the action of another judge as a matter of taste or delicacy, but not on the ground that they have no authority to do so to the same extent the judge who presided could exercise; and in some cases it may be absolutely necessary for a circuit judge to take such action."

While we hold that it was proper and legal for the learned trial judge to have acted in these cases, we do not recommend such a procedure. It seems to us that it would have been far better if he had disqualified himself and thereupon allowed Judge Carland to have been assigned for the purpose of hearing the motions. This is the plan frequently followed by successor judges and more nearly meet the requirements of GCR 1963, 529.2.

---

## *Parlove* v. *Klein*

It is now necessary to consider the issues raised in the individual cases. *Parlove* v. *Klein* arose out

of an action of ejectment, with the defense of adverse possession being interposed. The facts are comparatively simple. The parties own adjoining lots, the strip of land in question being part of the lot purchased by plaintiffs in 1949. Defendants, on the other hand, purchased their land in July of 1941, or about 20 years prior to the beginning of the action of ejectment.

At the original trial, defendants asserted that they held title by adverse possession by reason of their occupancy of the land for the statutory period. To buttress their assertion, defendants produced evidence that the disputed strip lay on their side of the fence separating the two properties, that the fence was built in 1947, and that the fence replaced a row of wooden posts that had been in place since 1941 or before. Defendants further offered proofs to the effect that an electric light pole had been at the end of the fence line since 1939.

Plaintiffs, on the other hand, denied that the fence had been erected in 1947, and asserted that the light pole had been moved from its original location and the fence was thereafter erected with the pole at its end.

Judge Carland, after hearing the testimony, determined that the light pole had been in its present location at the end of the fence since 1939, such determination being based, at least in part, upon the fact that a metal tag with the date 1939 was affixed to the pole. Judge Carland went on to hold in his opinion that:

"the court is convinced overwhelmingly that the defendants have been in possession of the disputed strip of land since 1941."

Plaintiffs, in their motion for new trial, asserted that they had newly-discovered evidence. One of

the items presented was a photograph showing a 1946 Ford and no fence. The other item was a letter from Detroit Edison to the effect that the metal tag affixed to light poles indicated only the age of the pole and did not indicate the date at which the pole was placed in a given location.

The issue to be decided is thus:

*Did these items constitute a sufficient basis upon which to grant a new trial based on newly-discovered evidence?*

We now turn to the rules of qualifications which must be considered in order to grant a new trial on the basis of newly-discovered evidence. The rule, recognized for many years, is that there must be a showing that: (1) the evidence and not merely its materiality is newly discovered; (2) the evidence is not cumulative; (3) it is such as to render a different result probable on retrial; (4) the party could not, with reasonable diligence, have discovered and produced it at the trial. *Pociopa* v. *Olson* (1968), 13 Mich App 324; *Canfield* v. *City of Jackson* (1897), 112 Mich 120; *Graham* v. *Inskeep* (1967), 5 Mich App 514; GCR 1963, 527.1(6).

First, there is serious doubt as to whether or not the photograph would be admissible in evidence. There was no proof as to when it was taken and there would be a question as to what it represents. At trial defendants offered two exhibits showing the relative position of the fence and utility pole to the defendant's house. This so-called newly-discovered photograph shows neither the house nor the utility pole. Therefore, the site depicted cannot be verified.

At any rate, prior testimony showed that 1947 was the year in which a new fence was built to replace the old one; and therefore, this evidence, even if admissible, would be merely cumulative and would not likely affect the result.

With regard to the letter from Detroit Edison, since the question of the movement of the light pole was fully explored at the trial, the letter at best would be cumulative. Further, it is noted that the information contained in the letter could have been obtained at the time of the trial, if plaintiffs had exercised reasonable diligence.

---

### *Willey* v. *Partridge*

We now turn our attention to *Willey* v. *Partridge*. This was a will contest. A judgment in 1966 holding the will valid was affirmed by this Court in a rather exhaustive opinion. *In re Willey Estate* (1967), 9 Mich App 245. However, in 1969, the plaintiffs filed a motion for a new trial and sought to have the judgment set aside on the basis of an alleged fraud on the court. The fraud alleged is that a narcotics record book, containing a record of the drug being administered to the testatrix at the time of the writing of the will, was withheld by the defendant in the face of a subpoena *duces tecum* and is now still in the possession of the said defendant. During the trial, she stated that she did not know the whereabouts of the record book.

The issue to be decided:

*Is the evidence of fraud on the court sufficient to justify the order of a new trial?*

Plaintiffs moved to have the prior judgment set aside because of the alleged "fraud on the court", and sought a new trial. While generally a motion to relieve a party from a final judgment based upon an allegation of fraud must be brought within one year after the judgent was entered, that temporal

limitation does not apply when "fraud upon the court" is involved.[1]

Plaintiffs' motion alleged that defendants made statements to disinterested parties subsequent to the trial to the effect that she had had in her possession at the time of trial the narcotics record book which was the subject of the subpoena *duces tecum*. These allegations were supported by affidavits. Defendant denied all the allegations and submitted an affidavit to that effect.

The trial court, after hearing arguments by counsel but not holding an evidentiary hearing, set aside the prior judgment and ordered a new trial. This was improper. The proof required to sustain a motion to set aside a judgment because of alleged fraud is of the highest order. As stated in 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 185:

"The courts understandably look with scepticism upon a dissatisfied suitor's claim of fraud and insist upon strict factual proof. If the application for relief is not supported by competent evidence of specific facts, general allegations of fraud will be of no avail. Except for extraordinary circumstances, the courts understandably will not look favorably upon an allegation of fraud which calls, in effect, for nothing more than relitigation of issues and testimony previously presented and passed upon."

See also *Karasek* v. *Trust & Savings Bank* (1933), 262 Mich 636.

It is thus apparent that where, as here, there are conflicting allegations and affidavits as to the ques-

---

[1] See GCR 1963, 528.3. See also the author's comment with regard to GCR 1963, 528.3 at 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 184, where it is stated:

"Thus if the fraud, misrepresentation, or other misconduct of an adverse party can be characterized as 'fraud upon the court,' relief can be given without reference to the one year time limitation."

tion of whether there was "fraud upon the court", the trial court must conduct an evidentiary hearing to determine whether such fraud existed. Only upon a full evidentiary hearing could the contested question of "fraud upon the court" be meaningfully determined.

Normally, we would set aside the grant of a new trial and allow the trial court, upon proper motion of the parties, to resolve the question at issue by means of a full evidentiary hearing. In the instant case, however, we see little reason for expending court time on such an evidentiary hearing. Even if the trial court were to determine, after a full evidentiary hearing, that defendant did, in fact, have the narcotics book, such a finding would not justify granting a new trial.

GCR 1963, 529.1, provides, in part:

"no error or defect * * * in anything done or omitted * * * by any of the parties is ground for granting a new trial or setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice."

The clear import of the rule is to forestall the upsetting of judgments because of errors which did not affect the result. Such is the situation in the instant case. Assuming *arguendo* that defendant had the narcotics book in her possession at the time of trial, and assuming that her refusal to produce the book in the face of the subpoena *duces tecum* was "fraud upon the court", plaintiffs still would not be entitled to a new trial, as they were in no way prejudiced or harmed by the nonavailability of the narcotics book.

At the trial, plaintiffs' theory of attack upon the validity of the will was one of undue influence. They

also asserted that the testatrix had not intended to exercise her power of appointment. Plaintiffs did not argue or attempt to prove that the testatrix was without testamentary capacity; and they made no mention, either by argument or testimony, that the testatrix lacked testamentary capacity because of the use of narcotic drugs at the time of the execution of the will.

Since the requested narcotic logbook would have been beneficial only if their theory had been lack of testamentary capacity because of the use of drugs, and since the plaintiffs, at the close of proofs, clearly indicated that they conceded that the testatrix had the necessary testamentary capacity to execute the will, it is clear that any error which resulted from the alleged wrongdoing on the part of defendant in no way prejudiced plaintiffs' case or deprived them of substantial justice. Therefore, even if the alleged "fraud on the court" was proven, such fraud would not be a sufficient basis on which a new trial could be granted to plaintiffs.

In light of the determination set forth above, we express no opinion as to whether the alleged fraud and perjury occurred, whether such fraud and perjury can be characterized as "fraud on the court", whether a new trial can be ordered after setting aside a judgment pursuant to GCR 1963, 528.3, or whether a new trial can be ordered to determine the validity of a will after the estate has been distributed.

Plaintiffs have had a jury determination on the merits of their claim, have now twice had review by this Court and have consumed untold time in the preparation and argument of motions before this Court and the trial court. Although it is never easy to admit that one's cause is not meritorious, there comes a time when continual attempts to relitigate a

lost cause should cease. We only hope that plaintiffs realize their time has come.

---

The rule is well established that a decision on a motion for a new trial is addressed to the sound discretion of the trial court. *Benmark* v. *Steffen* (1968), 9 Mich App 416; *Grist* v. *The Upjohn Company* (1969), 16 Mich App 452.

There can be no question that a motion for new trial is a matter within the discretion of a successor judge. GCR 1963, 531. However, it would seem expedient, when the successor judge chooses to hear the motion for new trial, as happened here, rather than disqualify himself and allow the original trial judge, who is then sitting in an adjoining circuit, to be assigned for the purpose of hearing the motion, that the scope of the successor judge's review should be tempered by judicial restraint.

Although the temptation is always present, perhaps unintentionally, to review the entire matter, as was done herein, under these circumstances the successor judge should narrow the scope of his review and limit his inquiry entirely to the new evidence which is presented.

Accordingly, we conclude that the decisions reached in both cases were erroneous.

The orders by which new trials were granted are hereby set aside and the original judgments reinstated. Costs to defendants.

All concurred.