MacARTHUR v MILTICH

Docket No. 52957. Submitted June 5, 1981, at Lansing.—Decided October 19, 1981.

Elaine F. Miltich MacArthur brought suit against Anthony J. Miltich in Genesee Circuit Court, alleging that Mr. Miltich had perpetrated a fraud upon the court by concealing assets during the divorce trial between the parties, five years earlier. The defendant answered and moved to dismiss the complaint because it failed to specifically plead the fraudulent conduct. Robert M. Ransom, J., entered an order granting the defendant summary judgment. The plaintiff appeals. *Held:*

The trial court did not err in granting the defendant's motion for summary judgment. The allegation of fraud was not specific enough to constitute a cause of action based on a material fraud upon the court.

Affirmed.

1. JUDGMENTS — RELIEF FROM JUDGMENTS — FRAUD.

A party seeking relief based on fraud from a final judgment rendered several years earlier should bring an independent action alleging fraud upon the court.

2. FRAUD — FRAUD UPON THE COURT.

A fraud is perpetrated on the court when some material fact is concealed from that court or when some material misrepresentation is made to the court.

3. JUDGMENTS — SUMMARY JUDGMENT — COURT RULES.

A motion for summary judgment on the ground that a pleading of an opposing party has failed to state a claim or defense is to be tested by the pleadings alone (GCR 1963, 117.2[1], [2]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 37 Am Jur 2d, Fraud and Deceit §§ 488-491.
46 Am Jur 2d, Judgments § 825.
[2] 46 Am Jur 2d, Judgments § 844.
[3] 61A Am Jur 2d, Pleading § 231.
73 Am Jur 2d, Summary Judgment §§ 26, 29.
[4] 37 Am Jur 2d, Fraud and Deceit § 424.

4. Fraud — Court Rules.

 An action for fraud upon the court must be pled with specificity; mere allegations or conclusions are not sufficient to apprise a defendant of the nature of the claim of fraud and the plaintiff is not entitled to present proofs of the fraud where the complaint is insufficient to plead the cause of action (GCR 1963, 112.2).

*Ray J. MacNeil,* for plaintiff.

*Marvin L. Failer,* for defendant.

Before: Beasley, P.J., and M. J. Kelly and N. A. Baguley,* JJ.

Per Curiam. Plaintiff brought suit in 1979, alleging that defendant had perpetrated a fraud upon the court by concealing assets during their divorce trial in 1974. Defendant moved for summary judgment on the ground that plaintiff failed to state a cause of action pursuant to GCR 1963, 117.2(1). Plaintiff appeals from the trial court's order granting summary judgment for defendant on July 6, 1980.

In her complaint filed November 8, 1979, plaintiff averred that she was informed and believed that defendant had concealed assets in excess of $80,000 during the divorce proceedings. The complaint also stated that defendant had admitted to "various individuals" that he had concealed assets. Defendant answered, denying the allegations of fraud, and moved to dismiss the complaint because it failed to specifically plead the fraudulent conduct. Plaintiff did not further specify her allegations of fraud in answering the motion. Defendant moved for summary judgment, stating that plaintiff had alleged no new matters.

Since plaintiff was seeking relief from a final

---

* Circuit judge, sitting on the Court of Appeals by assignment.

judgment rendered almost five years earlier, she was required to bring an independent action alleging fraud upon the court. GCR 1963, 528.3; *Berar Enterprises, Inc v Harmon,* 101 Mich App 216; 300 NW2d 519 (1980). A fraud is perpetrated on the court when some material fact is concealed from that court or when some material misrepresentation is made to the court. *DeHaan v DeHaan,* 348 Mich 199; 82 NW2d 432 (1957).

The issue on appeal is whether the pleadings were legally sufficient in stating that a material fraud was perpetrated on the court by defendant's alleged concealment of $80,000 in assets. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426, 429; 202 NW2d 577 (1972). The motion is to be tested on the pleadings alone. *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974), *lv den* 391 Mich 816 (1974).

A fraud upon the court must be pled with specificity. GCR 1963, 112.2. Mere allegations or conclusions are not sufficient to apprise a defendant of the nature of the claim of fraud. The plaintiff is not entitled to present proofs of the fraud where the complaint is insufficient to plead the cause of action. *Emerick v Saginaw Twp,* 104 Mich App 243, 247; 304 NW2d 536 (1981). "An action in fraud must definitely and issuably set forth the facts complained of and relied upon for recovery" in order to give the defendant a fair opportunity to defend. *Dutkiewicz v Bartkowiak,* 372 Mich 386, 389; 126 NW2d 705 (1964).

In *Young v David Young,* 342 Mich 505; 70 NW2d 730 (1955), the plaintiff moved to set aside the judgment of divorce on the ground that the defendant had failed to disclose hidden assets, constituting a fraud on the court. The Supreme Court upheld the trial court's denial of the motion,

stating that the "averment as to fraud on defendant's part, not supported by allegations of fact, was insufficient to afford jurisdiction to the court to proceed with a hearing". *Young, supra,* 509. The Court also noted that plaintiff's motion did not specify the nature or extent of the hidden assets.

While the plaintiff in the instant case did specify the extent of the allegedly "hidden assets", she did not specify the nature of them. Further, the trial court reviewed the entire transcript and file of the divorce action and noted that "the respective property interests of the parties were thoroughly litigated by competent trial counsel". It concluded that plaintiff was attempting to relitigate issues which were previously tried.

We cannot say that the trial court erred in granting defendant's motion for summary judgment. The allegation of fraud was not specific enough to constitute a cause of action based on a material fraud upon the court.

Affirmed.