KIEFER v KIEFER

Docket No. 171247. Submitted May 3, 1995, at Detroit. Decided July 18, 1995, at 9:00 A.M.

In 1980, Carolyn M. Kiefer was granted a judgment of divorce from Edward Kiefer in the Wayne Circuit Court, Charles Kaufman, J., and was awarded alimony. Edward subsequently sought a modification of the alimony award, citing a reduction in his income due to his retirement. In November 1989, the court entered a consent order modifying the alimony provision to provide that Edward was to pay Carolyn $50 a week for 104 weeks and that thereafter alimony was forever barred. Carolyn sought to reinstate the original order of permanent alimony and to set aside the consent order in August 1993, alleging that Edward made false representations in his motion to modify the alimony award because he continued to be employed after he stated that he was retiring. The court, Michael J. Talbot, J., set aside the consent order, reinstated the alimony terms of the court's original order nunc pro tunc to November 1989, and ordered Edward to pay $15,000 in alimony arrearage. Edward appealed.

The Court of Appeals *held:*

1. The trial court abused its discretion in granting Carolyn's motion without first holding an evidentiary hearing at which Edward would have the opportunity to respond to Carolyn's allegations. Even if the court properly determined that Edward had perpetrated a fraud on the court, it should have held an evidentiary hearing in order to make an informed and meaningful determination of the amount of alimony Edward should have paid according to his changed circumstances.

2. A party's attempt to conceal assets is only one of many relevant considerations that a trial court must weigh and does not give rise to an automatic forfeiture.

3. Carolyn's claim that Edward rejected an opportunity to

REFERENCES

Am Jur 2d, Divorce and Separation § 915; Judgments §§ 831, 892, 895.

See ALR Index under Equitable Distribution; Fraud and Deceit; Vacation and Modification of Judgment or Verdict.

refer the matter to a friend of the court referee is not persuasive.

4. Carolyn's motion to set aside the judgment modifying alimony was time-barred. The one-year time limit stated in MCR 2.612(C) applies to motions for relief from a final judgment, order, or proceeding where fraud on the court is alleged; the one-year time limit is not applicable where the plaintiff brings an independent action that claims either that the plaintiff did not have actual notice or that there was a fraud on the court.

5. A consent order does not preclude the possibility of fraud on the court.

6. The trial court's order reinstating permanent alimony and ordering the defendant to pay an alimony arrearage must be reversed and the matter must be remanded to the trial court for an evidentiary hearing to ascertain whether any fraudulent acts occurred. Because it appears that the trial judge has a settled predisposition to the detriment of Edward or his attorney, the proceedings on remand must be before a different judge.

Reversed and remanded.

1. MOTIONS AND ORDERS — POSTTRIAL MOTIONS — FRAUD — EVIDENTIARY HEARINGS.

It is generally an abuse of discretion for a trial court to decide a motion for relief from a final judgment, order, or proceeding on grounds of fraud, misrepresentation, or other misconduct of the adverse party without first conducting an evidentiary hearing where a party has alleged that a fraud has been committed on the court; an evidentiary hearing is necessary because the proof required to sustain a motion to set aside a judgment because of fraud is of the highest order (MCR 2.612[C][1][c]).

2. DIVORCE — PROPERTY DIVISION — CONCEALMENT OF ASSETS — FORFEITURE AND PENALTIES.

An attempt to conceal assets by a party to a divorce action is only one of many relevant considerations that the trial court · must weigh in determining the division of the parties' marital assets; an attempt to conceal assets does not give rise to an automatic forfeiture.

3. MOTIONS AND ORDERS — POSTTRIAL MOTIONS — FRAUD ON THE COURT — INDEPENDENT ACTIONS.

A one-year time limit applies to a motion for relief from a final judgment where fraud on the court is alleged; the one-year time limit is not applicable where the plaintiff brings an

independent action that claims either that the plaintiff did not have actual notice or that there was a fraud on the court (MCR 2.612[C]).

4. MOTIONS AND ORDERS — CONSENT ORDERS — FRAUD ON THE COURT.

The fact that a consent order has been entered by a trial court does not preclude the possibility of a finding that the order was the result of fraud on the court.

*Foley & Stearns, P.C.* (by *John R. Foley*), for the plaintiff.

*Bruce S. Menken,* for the defendant.

Before: CONNOR, P.J., and CAVANAGH and G. C. STEEH, III,* JJ.

CONNOR, P.J. Defendant appeals as of right from the trial court's order reinstating permanent alimony in favor of plaintiff and ordering defendant to pay $15,000 in alimony arrearage. The order granted plaintiff a wage assignment of $300 a week against defendant's earned income from Pioneer Engineering. The trial court issued its order after determining that defendant previously had deceived the court regarding a change in circumstances. Defendant appeals as of right. We reverse and remand for a hearing before a different judge.

In January 1980, plaintiff and defendant were divorced and plaintiff was awarded alimony in the amount of $75 a week until July 12, 1981. After that date, the alimony was to be $100 a week. Defendant sought modification of the alimony award in December 1988, citing a reduction in income due to his retirement. The parties entered into a consent order modifying the alimony order in November 1989. The consent order provided that defendant would pay plaintiff $50 a week for

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

104 weeks and that plaintiff thereafter would be forever barred future alimony.

Plaintiff moved to reinstate permanent alimony and set aside the consent order in August 1993. Plaintiff alleged that defendant had made false representations in his motion to modify the alimony award because he continued to be employed after he stated he was retiring. In December 1993, the trial court set aside the November 1989 consent order and reinstated the alimony terms of the original divorce judgment nunc pro tunc to November 1989. Defendant's motion for a stay pending appeal of the trial court's order was denied.

We find the trial court abused its discretion in granting plaintiff's motion without first holding an evidentiary hearing.

A trial court may relieve a party from a final judgment, order, or proceeding on grounds of fraud, misrepresentation, or other misconduct of the adverse party pursuant to MCR 2.612(C)(1)(c). Where a party has alleged that a fraud has been committed on the court, it is generally an abuse of discretion for the court to decide the motion without first conducting an evidentiary hearing regarding the allegations. *Rapaport v Rapaport,* 185 Mich App 12, 16; 460 NW2d 588 (1990). An evidentiary hearing is necessary where fraud has been alleged because the proof required to sustain a motion to set aside a judgment because of fraud is "of the highest order." *Parlove v Klein,* 37 Mich App 537, 544; 195 NW2d 3 (1972). The *Parlove* Court ruled that where there are conflicting allegations and affidavits with respect to the question whether there has been a fraud perpetrated upon the court, the trial court is required to conduct an evidentiary hearing in order to ascertain if the fraud existed. *Id.* at 545-546.

In the present case, the trial court abused its

discretion in making a credibility determination in favor of plaintiff without holding an evidentiary hearing in which defendant would have the opportunity to respond to plaintiff's allegations. Even if the trial court properly determined that defendant had perpetrated a fraud on the court, the trial court should have held an evidentiary hearing in order to make an informed and meaningful determination of the amount of alimony defendant should have paid according to his changed circumstances. See *Sands v Sands,* 442 Mich 30, 36-37; 497 NW2d 493 (1993), in which the Supreme Court ruled that a party's attempt to conceal assets is only one of many relevant considerations that the trial court must weigh and that such an attempt does not give rise to an automatic forfeiture.

Plaintiff's claim that defendant rejected an opportunity to refer the matter to a friend of the court referee is not persuasive. The record reveals that, while defendant did not request a friend of the court hearing, he did not object to having the hearing either. It appears that defense counsel did not wish to waive any right his client might have by agreeing to a friend of the court hearing, but he did not waive the hearing.

Defendant also claims that plaintiff's motion to reinstate the original alimony payment obligation was time-barred. While defendant failed to preserve this issue below, MCR 2.111(F)(3)(a), because we have found it necessary to remand we will address the merits of the claim. We find plaintiff's motion to set aside the judgment modifying alimony was time-barred.[1]

Pursuant to MCR 2.612(C), when a motion for

---

[1] We note that had this issue been addressed below, plaintiff would have been required to file an independent action alleging fraud on the court. In light of this opinion, we anticipate that defendant may move to amend his answer to raise the issue below.

relief from judgment is based on fraud or misrepresentation, the movant must bring the motion not later than one year following entry of the judgment.[2] The parties dispute the interpretation of subparagraph 3 of the court rule, which provides for an exception when fraud has been perpetrated on the court.

In *Rapaport, supra,* this Court discussed the distinction between an independent action alleging fraud and a motion seeking relief from judgment. The *Rapaport* Court noted that a motion brought pursuant to MCR 2.612(C)(1)(c) is subject to the time constraints of MCR 2.612(C)(2), but is not subject to the strict pleading requirements of MCR 2.112(B)(1). *Rapaport, supra* at 16. Presumably, an independent action is exempted by subparagraph 3 from the time constraints delineated in subparagraph 2 because the strict pleading requirements provide an adequate guard against abuse.

Case law interpreting MCR 2.612(C)(3) is not consistent. For example, *MacArthur v Miltich,* 110 Mich App 389, 390-391; 313 NW2d 297 (1981), held

---

[2] MCR 2.612(C) provides in part:

(1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

\* \* \*

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

\* \* \*

(2) The motion must be made within a reasonable time, and, for the grounds stated in subrules (C)(1)(a), (b), and (c), within one year after the judgment, order, or proceeding was entered or taken. A motion under this subrule does not affect the finality of a judgment or suspend its operation.

(3) This subrule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding; to grant relief to a defendant not actually personally notified as provided in subrule (B); or to set aside a judgment for fraud on the court.

that because the plaintiff was seeking relief from a final judgment rendered almost five years earlier, she was required to bring an independent action alleging fraud upon the court. *Parlove, supra* at 543-544, however, held that "[w]hile generally a motion to relieve a party from a final judgment based upon an allegation of fraud must be brought within one year after the judg[m]ent was entered, that temporal limitation does not apply when 'fraud upon the court' is involved." In short, *MacArthur* ruled that MCR 2.612(C)(3) applies to independent actions only, and not to motions for relief, whereas *Parlove* held that the time limit of one year did not apply to motions. *Parlove* and *MacArthur* thus appear to offer conflicting authority. Because the two opinions were released before November 1, 1990, neither is controlling authority. Administrative Order No. 1990-6.

The language of MCR 2.612(C)(3) makes reference only to independent actions, not motions. We believe that a fair reading of subrule C(3) leads to the construction that the subrule does not extend the time to file a motion where fraud on the court is alleged, but, rather, provides that the time constraints of the rule do not apply to independent actions. See *United States Fidelity & Guaranty Co v Amerisure Ins Co,* 195 Mich App 1, 6; 489 NW2d 115 (1992). In other words, the one-year time limit applies except when the plaintiff brings an independent action that claims either the plaintiff did not have actual notice or there was a fraud on the court. *MacArthur, supra.* Inasmuch as there is an apparent split of authority, we believe the better reasoning is that the one-year period of limitation applies unless the claim is based on an independent action.

Turning to the other issues raised by defendant,

we find a consent order does not preclude the possibility of fraud on the court. Defendant's claim, that there can be no fraud on the court where a consent order is concerned because no judicial adjudication is involved in a consent order, is without merit. Case law cited by defendant provides that a fraud on the court occurs when a party has set in motion "some unconscionable scheme calculated to interfere" with impartial adjudication. *Aoude v Mobil Oil Corp,* 892 F2d 1115, 1118 (CA 1, 1989). According to plaintiff's allegations, defendant made a material misrepresentation to the trial court in order to interfere with the trial court's adjudication of the matter. As such, defendant's claim is unsupported by the authority he cited.

In the absence of an evidentiary hearing, we are unable to determine whether sufficient evidence of fraud exists. As we have already noted, the trial court made findings of fact without reviewing all the evidence, and, on remand, the court should hold an evidentiary hearing to ascertain whether any fraudulent acts occurred. Because we believe the transcript of the motion hearing suggests the trial judge has a settled predisposition to the detriment of defendant or his attorney, we remand for further proceedings before a different judge. MCR 2.003(B)(2).

In light of our disposition, we decline to address defendant's claim that the trial court's order was contrary to statements made by the court.

Reversed and remanded.