*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STAN SHELBY,

       Plaintiff-Appellee,

v

KRISTAL PATTERSON,

       Defendant-Appellant.

UNPUBLISHED
November 2, 2023

No. 363657
Wayne Circuit Court
LC No. 20-001647-AV

Before: BOONSTRA, P.J., and BORRELLO and FEENEY, JJ.

PER CURIAM.

Defendant Kristal Patterson appeals from an order of the circuit court setting aside a judgment on appeal from the district court and reinstating the appeal.[1] We reverse.

This case began as an eviction action in district court regarding an upper level rental unit at 4227 Cortland Street in Detroit. Plaintiff leased the property to defendant in August 2019 on a month-to-month basis requiring defendant to pay the monthly rental rate, security deposit, and establish accounts with DTE Energy for gas and electricity. Defendant only paid plaintiff $600 of the $1150 for first month's rent and security deposit when she assumed occupancy and failed to pay rent or utilities after moving in. Defendant refused to pay because she claimed the property

---

[1] The designation of the parties in this case is somewhat confused. This case was originated in district court by Stan Shelby as plaintiff and Kristal Patterson as defendant. And that is how they are identified in the district court's judgment. Patterson had filed a counterclaim in district court and identified her as "counter-claimant" and Shelby as "counter-defendant," although not in the judgment. For reasons unclear to us, in the appeal to circuit court the case became styled as "Kristal Patterson v Stan Shelby," with Patterson initially designated as "Appellant/Defendant/Counter-Claimant" and Shelby as "Appellee/Plaintiff/Counter-Defendant." And the circuit court's order setting aside the judgment on appeal and reinstating the appeal merely designated Patterson as the plaintiff and Shelby as the defendant. Because this case has its origins in the judgment of the district court, and that judgment simply designated Shelby as plaintiff and Patterson as defendant, they are so designated in this appeal.

was uninhabitable; defendant testified that she told plaintiff about sewage in the basement, busted pipes, no gas or hot water, and no heat between September 2019 and January 2020, but plaintiff never repaired the boiler or pipes. Plaintiff denied that defendant indicated any dissatisfaction in the condition of the premises. Plaintiff filed a Notice to Quit in October 2019 due to defendant's nonpayment, and he filed the summons and complaint to evict defendant in 36th District Court shortly thereafter. With her answer, defendant filed an affirmative defense of retaliatory eviction and a multi-count counterclaim alleging violations of MCL 554.139 (covenant of habitability), MCL 600.2918 (anti-lockout provision), MCL 125.536 (Michigan housing act), and MCL 445.903 (Michigan Consumer Protection Act), as well as breach of the right of beneficial enjoyment of the premises claiming she had no heat for 101 days.

Following a bench trial, the district court issued a written opinion making findings of fact and conclusions of law, ruling in favor of plaintiff on both the original complaint and defendant's counterclaim. Defendant filed a claim of appeal with the circuit court on February 3, 2020. Defendant's new counsel served the claim of appeal on plaintiff and his trial counsel on February 3, 2020 by first class mail to their addresses of record in the 36th District Court register of actions for case 19367796-LT. On June 1, 2020, the circuit court dismissed the appeal for "[n]o activity in compliance with the Michigan Court Rules." Thereafter, defendant moved for the appeal to be reinstated, and the circuit court granted her request. Without a hearing, the circuit court thereafter granted the appeal, reversed the district court for "the reasoning and conclusions stated in Appellant's Brief on Appeal," and awarded a judgment to defendant on her counterclaim in the amount of $20,200 under MCL 600.2918(2)(f),[2] representing "$200 per day for the period in which heat was required but not provided." Defendant thereafter attempted to collect on the judgment, apparently without success.

At the hearing on defendant's motion to hold plaintiff in contempt for not appearing at a creditor's exam, the circuit court explained how the judgment for defendant was entered without a hearing; apparently, because plaintiff never filed a response to the appeal, the circuit court

---

[2] MCL 600.2918(2)(f) provides:

> Any tenant in possession of premises whose possessory interest has been unlawfully interfered with by the owner is entitled to recover the amount of his or her actual damages or $200.00, whichever is greater, for each occurrence and, if possession has been lost, to recover possession. Subject to subsection (3), unlawful interference with a possessory interest includes 1 or more of the following:
>
> * * *
>
> (f) Causing, by action or omission, the termination or interruption of a service procured by the tenant or that the landlord is under an existing duty to furnish, which service is so essential that its termination or interruption would constitute constructive eviction, including heat, running water, hot water, electric, or gas service.

granted defendant's requested relief without reading the district court transcript or any of the pleadings:

> THE COURT: Okay—I don't—all I wanna know is what transpired when the claim of appeal was filed.
>
> * * *
>
> THE COURT: Okay, but tell me how did we get to the judgment? Because they didn't respond to the appeal—
>
> * * *
>
> THE COURT: Okay. All right, so, like I said, if there was no response, I do not read pleadings. I have a thousand cases. So, if there was no response, I did not read the pleadings. So, that's what I was trying to get to. No, I have no knowledge of what was in the transcript, no knowledge of what Judge Robinson's ruling was because there was no basis to go forward because there was no response and I just granted the relief. So, know, I did not review. This was not based upon the Court reviewing the file, reviewing the lower court order, reviewing the transcript because there was—and this Court's mind, because of the fact that there was no response, there was no need to so the Court granted the relief. So, no, the Court did not. Even it may have been provided, presented, the whole nine yards, because of the fact that there was—there was no response. (8/26/2022 cir ct hearing Tr, pp 24-25.)

On September 7, 2022, plaintiff filed a motion to set aside the judgment in favor of defendant. The circuit court held a hearing on October 14, 2022, and granted the motion. The hearing started with the circuit court stating that it was granting the motion to set aside the judgment and schedule a hearing on the appeal itself. Defendant's attorney then requested to know the court rule on which the circuit court was relying. The circuit court indicated that it was relying on MCR 2.612(C)(3). The court then elaborated that "this is a court—and this is a court of equity and the Court will do equity. So, we'll at least hear the appeal on the merits." The court also affirmed that it was solely relying upon MCR 2.612(C)(3) and no other section. Defense counsel then raised the point that MCR 2.612(C)(3) requires an independent lawsuit, citing several cases from this Court. The circuit court rejected this argument, stating:

> THE COURT: And, like I said, additionally, the Court, in addition to that, this is a court of equity and I said additionally. In addition, this is a court of equity and the Court is going to do equity based—based on the fact when the Court has had an opportunity to review the findings of fact and conclusions of law, after the bench trial of the lower court. The reason why the Court did not do that in the first instance was the Court based its finding on the fact that the—that Mr. Shelby had not responded and then there's a question, in terms of—and I know that time had elapsed but, in terms of exactly what

-3-

transpired, in terms of Mr. Shelby being notified and the Court, based upon reading the—the findings of the lower court, that the Court feels that the the judgment that was entered is not equitable, based on what had transpired at the lower court. So, as I indicated, I'm setting aside my judgment, based on, one, and you can, if you wanna appeal it on the basis of the Court saying I don't need another action, fine, but also the Court is basing this on the fact that the Court has to do equity. This is a court of equity and, based upon the Court's reading of the lower court's decision, the Court is, at a minimum, going to allow this case to proceed and the Court will have a hearing of the appeal on the merits and the Court will issue a scheduling order next week. [10/14/22 cir ct hearing, pp 7-8.]

The circuit court went on to state:

THE COURT: And—and I will and also, additionally, Mr. Conti, based on the fraud on the Court because, you know, like I said, I reviewed the—the order of the—after the hearing on the lower court and this is a fraud. There's no basis why, at this juncture, the Court finds that, you know, this Ms. Patterson is entitled to $20,000. So, based upon the representation that was put before the Court at that time and the Court not having a full picture, the Court does feel that it is a fraud that was committed on the Court and, as I indicated, I am setting aside the judgment, based upon the fact that the Court also believes that there was a fraud committed because she is not entitled to $20,000. [10/14/22 cir ct hearing, p 10.]

The court continued, opining as follows:

THE COURT: At this juncture, what happened that—at the—the time that the appeal was filed, there was a determination made that Mr. Shelby had not responded and, by Mr. Shelby not responding, Ms. Patterson and—or/and her counsel proffered to the Court that she was locked out. There is, after reviewing the—the decision of the lower court, the Court takes question to that. So, I don't—at this juncture, I am not satisfied that she's even entitled to her statutory lockout. So, no. So, I—the thing is was there a statutory lockout? I don't think so. So, and the based upon what the lower Court said, there probably was not a statutory lockout. So, she would not have been entitled to the 20,000. So, that's the end of my argument. You can file an order for–

\* \* \*

THE COURT: Thing is at the—at the lower court, like I said, at the lower court, there was not a finding. That was not what the—that was not what

-4-

the trial Court asserted. The trial Court dismissed, if my memory serves me correct, the trial Court dismissed her—all of our counterclaims, all of the counterclaims and found a no cause of action. That's what the lower Court found. So, if that was what the Court found ... And then, just to arbitrarily submit that, without—the Court is finding—yes. So, yes. So, at this point in time, I'm setting aside the judgment. In terms of what Ms. Ms. Patterson presented, yes, there was a fraud because there is no basis for her to be entitled to the $20,000 because there was no justification when the lower Court said that her counterclaims were dismissed and there was a no cause of action.

The court did grant a stay to allow plaintiff to pursue this appeal.

Error abounds in this case. But it is primarily error of the circuit court's making.

"'A trial court necessarily abuses its discretion when it makes an error of law.' *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016). To the extent that this review requires '[t]he construction and interpretation of court rule[s],' this Court applies a de novo standard of review. *Barclay v Crown Bldg & Dev, Inc,* 241 Mich App 639, 642; 617 NW2d 373 (2000)." *Tindle v Legend Health, PLLC,* ___Mich App ___; ___ NW2d ___ (Docket No 360861, April 20, 2023), slip op at 2.

Initially, we are at a loss to understand the circuit court's conclusion that a fraud was committed upon the court or why the circuit court entered the October 1, 2022 order granting defendant's requested relief and effectively reversing the district court's findings without reading the district court transcripts or order. The circuit court had before it the entire record of the district court action.[3] This included a transcript of the district court bench trial at which several witnesses testified, as well as the district court's seven-page written opinion setting forth its findings of fact and conclusions of law as to why it was denying defendant's counterclaim. Unfortunately, the answer is found in the circuit court's admission at both the August 26 and October 14, 2022 hearings wherein the circuit court stated that "I have no knowledge of what was in the transcript, no knowledge of what Judge Robinson's ruling was because there was no basis to go forward because there was no response and I just granted the relief." As indicated above, the circuit court reiterated this point multiple times at the October 14, 2022 hearing.

It is not appropriate for a circuit court when hearing an appeal from the district court to reverse the district court without any substantive review of the district court decision and grant the appellant's requested relief merely because the appellee did not file a responsive brief. As our Supreme Court stated in *People v Smith*, 439 Mich 954; 480 NW2d 908 (1992):

On order of the Court, the delayed application for leave to appeal is considered and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal,

---

[3] The circuit court register of actions reflects that the district court record was transmitted to the circuit court on August 20, 2020, and the circuit court's opinion was filed on October 1.

we VACATE that part of the Court of Appeals judgment, 190 Mich App 352, 475 NW2d 875, which reversed the defendant's convictions on the ground that the prosecution had confessed error by failing to file a brief or otherwise defend. A party who seeks to raise an issue on appeal but who fails to brief it may properly be considered to have abandoned the issue. *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). However, the failure of an appellee to file a responsive brief may not properly be considered to be a confession of substantive error.

Simply put, the circuit court was obligated to give plenary consideration to defendant's appeal, reviewing the arguments raised in light of the district court record before it. Summarily reversing the district court because plaintiff failed to file a response was not an option.[4] This is not the same as entering a default against a defendant who does not answer a complaint. See MCR 2.603(A).

The question before us is whether the circuit court could rectify its mistake by granting plaintiff's motion to set aside its earlier judgment on appeal. This question is problematic. Clearly, the circuit court erred in its initial decision to grant defendant's requested relief without giving plenary consideration to the issues raised on appeal. But we are constrained to conclude that the court rules did not permit the circuit court to grant plaintiff's motion to set aside the judgment.

Without a doubt, the circuit court based its decision on MCR 2.612(C)(3). It clearly stated that at the October 14, 2022 hearing and also indicated that in its October 18, 2022 Order Setting Aside Judgment and Reinstating Appeal:

> IT IS HEREBY ORDERED that after review of Defendant's Motion to Set Aside Judgment and responsive pleadings, as well as the lower court's findings of fact, this Court reverses its decision and finds no legal basis to support the money judgment of $20,000.00 in support of Plaintiff, Kristal Patterson. Therefore, pursuant to MCR 2.612(C)(3)(B) [sic[5]], this Court moves [sic] to set aside the October 11, 2020 [sic[6]] Judgment of Appeal and Reinstate this matter for a determination on the merits.

MCR 2.612(C)(3) provides that "This subrule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding; to grant relief to a defendant not actually personally notified as provided in subrule (B); or to set aside a judgment for fraud on the court."

---

[4] We also question the propriety of the circuit court entering a judgment in defendant's favor on the counterclaim rather than reversing the district court, if the circuit court determined that the district court erred, and directing the district court to enter judgment for defendant. It would then follow that any collection proceedings would occur in district court rather than in circuit court as happened here.

[5] There is no subsection (B) to MCR 2.612(C)(3).

[6] The Circuit Court Judgment on Appeal was entered on October 1, 2020, not October 11, 2020.

A central issue here is whether MCR 2.612(C)(3) only applies to independent actions and not motions to set aside a judgment. The circuit court believed that it was not constrained to only apply this subrule where there is an independent action. But this Court has clearly stated in *Kiefer v Kiefer*, 212 Mich App 176, 182; 536 NW2d 873 (1995), that MCR 2.612(C)(3) only applies to independent actions:

> The language of MCR 2.612(C)(3) makes reference only to independent actions, not motions. We believe that a fair reading of subrule C(3) leads to the construction that the subrule does not extend the time to file a motion where fraud on the court is alleged, but, rather, provides that the time constraints of the rule do not apply to independent actions. In other words, the one-year time limit applies except when the plaintiff brings an independent action that claims either the plaintiff did not have actual notice or there was a fraud on the court. Inasmuch as there is an apparent split of authority, we believe the better reasoning is that the one-year period of limitation applies unless the claim is based on an independent action. [Citations omitted.]

The split of authority referenced by the Court was in two opinions released before November 1, 1990, and therefore not binding precedent. See *MacArthur v Miltich*, 110 Mich App 389; 313 NW2d 297 (1981), and *Willey v Partridge*, 37 Mich App 537; 195 NW2d 3 (1972). *Kiefer* resolved the split of authority.

Here, plaintiff did not file an independent action. And any motion for relief from judgment based upon fraud needed to be filed within one year, MCR 2.612(C)(2), and more than one year had elapsed. But this does not end the analysis. The circuit court based its conclusion upon a finding of fraud, but it did not hold an evidentiary hearing. "Longstanding Michigan case law requires that when a party makes a motion alleging that fraud has been committed on the court, an evidentiary hearing is required." *Williams v Williams*, 214 Mich App 391, 394; 542 NW2d 892 (1995).

Furthermore, the circuit court made numerous references to it being a court of equity and the need to do equity in this case. But equity is not an excuse for the court to act in contravention of the court rules. See *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 590-591; 702 NW2d 539 (2005) ("Indeed, if a court is free to cast aside, under the guise of equity, a plain statute . . . simply because the court views the statute as 'unfair,' then our system of government ceases to function as a representative democracy. No longer will policy debates occur, and policy choices be made, in the Legislature. Instead, an aggrieved party need only convince a willing judge to rewrite the statute under the name of equity."). In light of *Kiefer*, it is clear that MCR 2.612(C)(3) requires an independent action.

In sum, it is unfortunate that the circuit court's mishandling of this appeal has deprived plaintiff of plenary review of the appeal,[7] but absent the filing of an independent action, it was not

---

[7] Plaintiff did not appeal to this Court of the original denial of the appeal to circuit court. Moreover, it appears to be too late to file a delayed application for leave to appeal that ruling. See MCR 7.205(A)(4).

an option for the court to set aside its judgment under MCR 2.612(C)(3). The circuit court's order setting aside its original judgment is hereby reversed.

Reversed. No costs.

/s/ Mark T. Boonstra
/s/ Stephen L. Borrello
/s/ Kathleen A. Feeney