# STATE OF MICHIGAN

# COURT OF APPEALS

RUDOLPH T. STONISCH III,

        Plaintiff-Appellee,

v

FORTHRIGHT IV, LLC,

        Defendant-Appellant.

UNPUBLISHED
November 15, 2018

Nos. 335635; 335821; 339558;
340787
Oakland Circuit Court
LC No. 2015-150628-CH

RUDOLPH T. STONISCH III,

        Plaintiff-Appellee,

v

DAVID M. CLAPPER,

        Defendant-Appellant.

No. 343741
Oakland Circuit Court
LC No. 2017-157223-CZ

Before: MURRAY, C.J., and METER and GLEICHER, JJ.

PER CURIAM.

These consolidated appeals involve plaintiff's action for breach of contract in LC No. 2015-150628-CH, brought against defendant Forthright IV, LLC (Forthright), and plaintiff's separate action against defendant David M. Clapper in LC No. 2017-157223-CZ to hold him personally liable for all judgments entered against Forthright in the earlier action. In Docket No. 335635, Forthright appeals as of right the trial court's order granting summary disposition and judgment in the amount of $45,000 in favor of plaintiff. In Docket No. 335821, Forthright appeals as of right an order granting plaintiff's motion for case-evaluation sanctions and awarding plaintiff attorney fees and taxable costs in the amount of $6,052.[1] In Docket No.

---

[1] In Docket No. 335821, Forthright filed a claim of appeal on November 22, 2016, from the trial court's November 1, 2016, order awarding plaintiff case-evaluation sanctions. In his appellate brief in Docket Nos. 335635 and 335821, plaintiff questions this Court's jurisdiction over the

-1-

339558, Forthright appeals as of right a postjudgment order that, in pertinent part, awarded plaintiff $1,000 in attorney fees as a sanction for Forthright's having filed a frivolous motion to set aside the earlier judgment against it, and in Docket No. 340787, Forthright appeals by delayed leave granted the portion of this same order denying its motion to set aside the judgment. For the reasons discussed below, we affirm the trial court's orders in these appeals.

In Docket No. 343741, defendant Clapper appeals as of right the trial court's order entered in LC No. 2017-157223-CZ, which granted summary disposition in favor of plaintiff and held Clapper liable on all judgments entered against Forthright in LC No. 2015-150628-CH. In this appeal, we reverse the trial court's order and remand for dismissal of plaintiff's complaint without prejudice.

## I. FACTS AND PROCEEDINGS

These cases arose from a Purchase Agreement between plaintiff and Forthright for property located at 211 Townsend Street in Birmingham, Michigan (the property). In LC No. 2015-150628-CH, plaintiff brought suit against Forthright for failing to pay the remainder of the earnest-money deposit ($45,000) by the date specified in the Purchase Agreement. Plaintiff alleged breach of contract and sought declaratory relief. Forthright filed a countercomplaint, alleging that plaintiff breached the Purchase Agreement in various respects and also seeking declaratory relief. The trial court agreed with plaintiff's interpretation of the language of the Purchase Agreement and granted summary disposition to plaintiff on his claims, dismissed Forthright's counterclaims, and entered judgment in favor of plaintiff in the amount of $45,000. The trial court subsequently granted plaintiff case-evaluation sanctions. The trial court also denied Forthright's motions for reconsideration and to set aside the judgment, which were based on allegations that plaintiff lacked standing, was not the correct party in interest, and committed fraud. The trial court further awarded plaintiff attorney fees as a sanction for Forthright's filing of the motion to set aside the judgment, which it found was disingenuous. Thereafter, in LC No. 2017-157223-CZ, plaintiff brought suit against Clapper, arguing that Forthright was a mere instrumentality of Clapper and that Clapper should be held liable for the judgments entered against Forthright in the original action. The trial court agreed and granted summary disposition to plaintiff on his claim to pierce the corporate veil. These appeals followed.

---

award of case-evaluation sanctions, noting that a judgment awarding the specified case-evaluation sanctions was entered on January 3, 2017; plaintiff asserts that this "may" be the final order from which an appeal should have been filed. However, the November 1, 2016, order specified that it was awarding attorney fees and costs in the amount of $6,052. The subsequent judgment was apparently entered because the attorney-fee award remained unpaid after the 30-day period specified in the first order. The entry of the subsequent judgment does not alter the fact that the November 1, 2016, order awarded plaintiff attorney fees and costs of $6,052, and thus qualified as a "final order" under MCR 7.202(6)(a)(iv). Because Forthright's claim of appeal was timely filed from that order, this Court has jurisdiction over the claim of appeal in Docket No. 335821.

## II. STANDING, REAL PARTY IN INTEREST, AND FRAUD

In Docket No. 335635, Forthright contends that plaintiff lacked standing to bring the action in LC No. 2015-150628-CH, was not the real party in interest to that action, and committed a fraud upon the trial court. We disagree.

## A. PRESERVATION AND STANDARD OF REVIEW

"Where an issue is first presented in a motion for reconsideration, it is not properly preserved." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). "To preserve for appellate review an issue regarding standing, the defendant must have raised the issue in his or her first responsive pleading or motion." *In re Gerald L Pollack Trust*, 309 Mich App 125, 153; 867 NW2d 884 (2015). Forthright alleged as an affirmative defense that "[p]laintiff is not the real party in interest as to the Property." This argument, however, was not raised in Forthright's earlier motion for summary disposition that Forthright filed in answer to the complaint. Therefore, it is unpreserved. Moreover, because Forthright did not raise its argument regarding fraud until it filed its motion for reconsideration, this issue is unpreserved.

This Court may review the unpreserved issue regarding standing and regarding the real party in interest because it is a question of law and all of the facts necessary for its resolution are before this Court. *Henderson v Dep't of Treasury*, 307 Mich App 1, 8; 858 NW2d 733 (2014). "Whether a party has standing is a question of law that this Court reviews de novo." *In re Gerald L Pollack Trust*, 309 Mich App at 154. "[T]he related issue of whether a plaintiff is the real party in interest is also a question of law that we review de novo." *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees v Pontiac No 2*, 309 Mich App 611, 621; 873 NW2d 783 (2015). The issue whether plaintiff committed fraud may be reviewed in the interest of justice. See *Travis v Preston (On Rehearing)*, 249 Mich App 338, 348; 643 NW2d 235 (2002).

"Review of an unpreserved error is limited to determining whether a plain error occurred that affected substantial rights." *In re Gerald L Pollack Trust*, 309 Mich App at 154 (quotation marks and citation omitted). "To avoid forfeiture under the plain-error rule, three requirements must be met: (1) an error must have occurred; (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights." *Rivette v Rose-Molina*, 278 Mich App 327, 328-329; 750 NW2d 603 (2008) (quotation marks and citations omitted).

## B. WAIVER

As noted, these issues were first raised in Forthright's motion for reconsideration. Forthright, however, does not appeal or challenge the trial court's ruling on the motion for reconsideration. To the extent that plaintiff suggests that these arguments are waived because Forthright has not appealed the order denying Forthright's motion for reconsideration, this argument is without merit. "Where a party has claimed an appeal from a final order, the party is

free to raise on appeal issues related to other orders in the case." *Bonner v Chicago Title Ins Co*, 194 Mich App 462, 472; 487 NW2d 807 (1992).[2] Forthright properly appealed the order granting summary disposition, which was a final order. See MCR 7.202(6)(a)(i). Therefore, the issue is not waived on this basis.

Plaintiff additionally argues that Forthright's arguments are waived because it knew that plaintiff was not the true owner from the start of the case, but never adequately pursued a standing argument.[3] Waiver is the intentional relinquishment of a known right. *Reed Estate v Reed*, 293 Mich App 168, 176; 810 NW2d 284 (2011). Given that Forthright adequately raised its arguments in its motion for reconsideration, we find that the arguments were not waived.

## C. STANDING AND REAL PARTY IN INTEREST

Generally, "standing requires a party to have a sufficient interest in the outcome of litigation to ensure vigorous advocacy and in an individual or representative capacity some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy." *Pontiac Police*, 309 Mich App at 621 (quotation marks and citations omitted). Further, "a litigant has standing whenever there is a legal cause of action." *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 372; 792 NW2d 686 (2010). With regard to declaratory relief, a plaintiff has standing whenever it meets the requirements of MCR 2.605. *Id.* "A litigant may have standing in this context if the litigant has a special injury or right, or

---

[2] In *Nye v Gable, Nelson & Murphy*, 169 Mich App 411, 415; 425 NW2d 797 (1988), this Court stated:

> An order denying reconsideration is not a final order from which one may appeal as of right; rather, where a motion for reconsideration has been timely filed, as it was in the case at bar, a person may file his claim of appeal within twenty-one days after the entry of the order denying the motion, rather than twenty-one days after the final order from which one may appeal as of right. See MCR 7.204(A)(1)(a) and (b).

[3] Forthright, on the other hand, argues that standing relates to subject-matter jurisdiction and may be raised at any time. This Court, however, has rejected such an argument. As explained in *In re Gerald L Pollack Trust*, 309 Mich App at 153-154:

> Subject-matter jurisdiction and standing are not the same thing. Jurisdiction of the subject matter is the right of the court to exercise judicial power over a class of cases, not the particular case before it; to exercise the abstract power to try a case of the kind or character of the one pending. Standing, on the other hand, relates to the position or situation of the plaintiff relative to the cause of action and the other parties at the time the plaintiff seeks relief from the court. Therefore, the decision regarding whether a plaintiff has standing will not affect the trial court's jurisdiction over the subject matter. [Quotation marks and citations omitted.]

substantial interest, that will be detrimentally affected in a manner different from the citizenry at large . . . ." *Id.* "[P]laintiffs must assert their own legal rights and cannot rest their claims to relief on the rights or interests of third parties." *Pontiac Police*, 309 Mich App at 622. In this regard, a suit brought to enforce an LLC's rights must be brought in the name of the LLC. *Salem Springs, LLC v Salem Twp*, 312 Mich App 210, 222-223; 880 NW2d 793 (2015).

"MCR 2.201(B) provides that '[a]n action must be prosecuted in the name of the real party in interest . . . .' The real party in interest is a party who is vested with a right of action in a given claim, although the beneficial interest may be with another." *Pontiac Police*, 309 Mich App at 621. "[S]tated otherwise, [the real party in interest] is the party who under the substantive law in question owns the claim asserted." *Id*. at 622.

In this case, plaintiff had standing because he had a cause of action as a party to the Purchase Agreement. As a party to that agreement, he had a special right or substantial interest that would be detrimentally affected in a manner different from the citizenry at large. *Lansing Sch Ed Ass'n*, 487 Mich at 372. Plaintiff signed and entered into the Purchase Agreement for the sale of the property as the "Seller." As the seller of property under the Purchase Agreement, he could properly pursue a claim for breach of that agreement. In asserting his claim of breach of contract, plaintiff was not relying on the rights or interest of any other party because plaintiff was a party to the contract. While it is undisputed that RTS IV, LLC, owned the property, plaintiff, not RTS IV, was the party to the Purchase Agreement. To the extent that plaintiff's lack of ownership of the property could invite challenges on other grounds (see, e.g., the discussion of Forthright's claim of fraud below), this does not affect plaintiff's standing to bring an action for breach of contract for breach of an agreement to which plaintiff was a party. For the same reasons that plaintiff had standing, he was also the real party in interest in this case. Plaintiff had a right of action and owned the asserted claim for breach of contract because he was a party to the Purchase Agreement. See *Pontiac Police*, 309 Mich App at 621-622. Thus, there was no error in allowing plaintiff to pursue his claims.

## D. FRAUD

Forthright argues that plaintiff committed both fraud against Forthright and fraud upon the trial court by misrepresenting that he owned the property. The elements of fraud are that (1) the party made a material misrepresentation; (2) the representation was false; (3) the party knew that it was false when it was made, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) the party made the representation with the intention that the other party would act on it; (5) the other party acted in reliance on it; and (6) the other party suffered injury because of that reliance. *Zaremba Equip, Inc v Harco Nat'l Ins Co*, 280 Mich App 16, 38-39; 761 NW2d 151 (2008). "A fraud is perpetrated on the court when some material fact is concealed from the court or some material misrepresentation is made to the court." *Matley v Matley (On Remand)*, 242 Mich App 100, 101; 617 NW2d 718 (2000) (quotations marks and citation omitted). This Court has concluded that fraud on the court cannot exist where both parties are aware of the relevant information. *Id*. at 102.

Forthright argues that plaintiff materially misrepresented that he owned the property identified in the Purchase Agreement and that it relied on that misrepresentation by entering into the Purchase Agreement. Forthright, however, fails to identify any such statement in the

-5-

Purchase Agreement. In its reply brief on appeal, Forthright argues that, in Paragraph 41 of the Purchase Agreement, plaintiff warranted that the statements in the Seller's Disclosure Statement were true, and Forthright points out that the Seller's Disclosure Statement affirmatively stated that "Seller has owned the property" for 10 years. The Seller's Disclosure Statement, however, did not expressly identify the Seller *for purposes of that document*.[4] At any rate, even if it were shown that Forthright relied on an assertion that plaintiff was the owner of the property in entering the Purchase Agreement, Forthright fails to establish injury because of its reliance. Plaintiff, as the sole member of RTS IV, could have caused title to transfer to Forthright at closing, in satisfaction of his obligations under the Purchase Agreement. Thus, Forthright did not lose the benefit of its bargain.[5] Further, Forthright cannot show that any misrepresentation affected the outcome of the motion for summary disposition. The trial court stated at the hearing on Forthright's motion to set aside the judgment that the alleged fraud or misrepresentation was not germane to its decision. The issue before the trial court in deciding the motion for summary disposition was whether Forthright breached the Purchase Agreement.

We reject Forthright's arguments that plaintiff lacked standing to bring the action in LC No. 2015-150628-CH, was not the real party in interest to that action, or committed any actionable fraud.

### III. SUMMARY DISPOSITION – BREACH OF CONTRACT

Also in Docket No. 335635, Forthright contends that the trial court erred by misinterpreting the language of the Purchase Agreement. We disagree.

---

[4] Plaintiff asserts in its brief on appeal in Docket No. 339558 that the Seller's Disclosure Statement was emailed to Forthright with the draft purchase agreement, which identified the seller as "RTS IV, LLC Rudolph Stonisch." Therefore, according to plaintiff, RTS IV was the seller for purposes of the Seller's Disclosure Statement.

[5] Forthright also suggests that plaintiff misrepresented that he owned the property and had standing by bringing suit, and in this way committed fraud upon the court. There was evidence, however, that before and during the lawsuit Forthright was in possession of documents indicating that RTS IV was the owner of the property. On November 16, 2015, a title commitment for the property was sent by e-mail to Clapper's son, Jonathon Clapper. The title commitment expressly stated that the property was owned by RTS IV. Similarly, Forthright possessed a letter from the city of Birmingham, which was addressed to the "Property Owner" and was sent to RTS IV. Because Forthright had knowledge, at least constructively, that plaintiff did not own the property, there could be no fraud on the trial court. See *Matley*, 242 Mich App at 102. Moreover, the letter identifying RTS IV as the owner was submitted to the trial court. In addition, the trial court explicitly stated at the hearing on Forthright's motion to set aside the judgment that the alleged fraud or misrepresentation was not pertinent to its decision.

## A. STANDARD OF REVIEW

This Court reviews "de novo a trial court's decision on a motion for summary disposition." *Sanders v McLaren-Macomb*, 323 Mich App 254, 264; 916 NW2d 305 (2018). Under MCR 2.116(C)(10),

> [s]ummary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. In deciding a motion under MCR 2.116(C)(10), a court reviews the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party. [*Id.* (quotations marks and citations omitted).]

This Court also reviews de novo the interpretation of a contract. *Coates v Bastion Bros, Inc*, 276 Mich App 498, 503; 741 NW2d 539 (2007).

## B. PLAINTIFF'S CLAIMS

Plaintiff's complaint alleged breach of contract, in addition to seeking declaratory relief. The trial court found that Forthright breached the Purchase Agreement, and it made declarations consistent with its findings. "A party asserting a breach of contract must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 178; 848 NW2d 95 (2014). "This Court examines contractual language and gives the words their plain and ordinary meanings. [A]n unambiguous contractual provision is reflective of the parties' intent as a matter of law, and [i]f the language of the contract is unambiguous, we construe and enforce the contract as written." *Coates*, 276 Mich App at 503 (quotation marks and citations omitted).

The trial court granted summary disposition to plaintiff on his claim that Forthright breached the contract, finding that the Purchase Agreement's effective date was October 31, 2015; Forthright had a duty to deposit another $45,000 by November 10, 2015; and Forthright failed to pay that amount. It further found that plaintiff was entitled to keep the full, owed earnest-money deposit.

First, Forthright argues that the trial court should not have considered plaintiff's August 1, 2016, motion for summary disposition because it was, in fact, an untimely motion for reconsideration. The trial court disagreed that the motion should be considered a motion for reconsideration because plaintiff's previous request for summary disposition was denied pursuant to MCR 2.116(I)(2), not MCR 2.116(C)(10). When Forthright responded to plaintiff's complaint with a motion for summary disposition, plaintiff in turn requested summary disposition pursuant to MCR 2.116(I)(2), which provides that "[i]f it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party." We conclude that because this was merely a responsive request, not a specifically-filed motion, plaintiff's subsequent motion for summary disposition should not be considered a motion for reconsideration of the decision "on a motion[.]" MCR 2.119(F)(1).

Further, while plaintiff raised many of the same arguments in his motion for summary disposition as in his prior request, the record shows that the trial court was in an ongoing process to try to facilitate a resolution to Forthright's motion, and Forthright contributed to the alleged error about which it now complains. At the first hearing on Forthright's motion for summary disposition, the trial court indicated that there might be questions of fact, including regarding the interpretation of the Purchase Agreement. At the next hearing, the trial court expressly disagreed with Forthright's interpretation of the Purchase Agreement. Nonetheless, the trial court denied plaintiff's request for summary disposition, concluding that there were questions of fact regarding whether the parties should have proceeded to closing even if the deposit had not been paid, although it found strong evidence of at least a partial breach or default by Forthright for failing to pay the deposit. The trial court did not foreclose granting summary disposition at a later time, and in fact, Forthright's counsel expressly requested that the trial court deny plaintiff's summary-disposition request without prejudice, allow a property inspection to occur, and allow the parties to "re-file these and the court to rule on them at a later date . . . ." Forthright cannot now claim that plaintiff was prohibited from later moving for summary disposition. See *Farm Credit Servs of Michigan's Heartland, PCA v Weldon*, 232 Mich App 662, 683-684; 591 NW2d 438 (1998) (a party cannot contribute to an error and then seek review on that basis on appeal).

Next, Forthright argues that the trial court misinterpreted the terms of the Purchase Agreement in granting summary disposition to plaintiff. The determinative provision is Paragraph 4, which provides, in relevant part:

> EARNEST MONEY DEPOSIT: Buyer is depositing initial deposit with broker $5,000 in the form of a check, money order, cashier's check or certified funds. An additional sum of $45,000 shall be deposited within 10 calendar days of Effective Date, making the total earnest money deposit $50,000. Total sums deposited will be deemed the Earnest Money Deposit to be held in accordance with the law of the State of Michigan and applied to the purchase price at closing.

There is no dispute that the "Effective Date" of the Purchase Agreement was October 31, 2015. The trial court properly found that, under Paragraph 4, Forthright had a duty to deposit another $45,000 by November 10, 2015, and Forthright failed to pay that amount.

Forthright, however, relies on Paragraph 41 to argue that it was not required to pay the additional $45,000 until certain conditions precedent were satisfied. Paragraph 41 provides:

> OTHER TERMS AND CONDITIONS: Conditions precedent to the obligation of Purchaser to pay any further sums to Seller or otherwise or to close are: (a) that Seller complies with its Pre-Closing Maintenance Obligation and his other obligations to maintain, (b) the Purchaser's title objections, if any, are resolved; (c) that Seller delivers possession of the Property at closing in the condition required by this Agreement; (e) that all of Seller's representations and warranties including seller's disclosures, are true when made and true at the Closing.

Forthright argues that the language "any further sums" meant the additional $45,000 deposit. The trial court, however, properly rejected this argument. At the May 4, 2016, hearing, it stated:

It is impossible that the seller could comply with the above stated conditions prior to receiving the deposit because the seller would have to deliver the property at closing, then receive the deposit, therefore taking away its inherent meaning of being a deposit, and then immediately subtract the amount from the purchase price, although the purchase price is due at the same time, at the time of closing.

In addition, the trial court found that Paragraph 37 of the Purchase Agreement provided that time was of the essence and no extensions would be allowed unless specified in writing and agreed to by the parties, and the court noted that a specific due date was provided for the earnest-money deposit.[6] The trial court's reasoning was sound. Because "any further sums" in Paragraph 41 did not mean the deposit, plaintiff was not required to comply with any of the conditions precedent listed in Paragraph 41 in order for Forthright to be obligated to pay the remainder of the deposit.

Forthright further argues that, under Paragraph 20, plaintiff's remedy in the event of a default by Forthright was to "retain Earnest Money Deposit (per paragraph 4) as liquidated damages only." Paragraph 4 provides, in relevant part, that "[t]otal sums deposited will be deemed the Earnest Money Deposit[.]" According to Forthright, because the additional $45,000 was not deposited, it could not be considered part of the "Earnest Money Deposit" that plaintiff was entitled to retain. As plaintiff points out, however, Forthright conceded below that, in the event of a breach by Forthright, plaintiff would be entitled to claim the entire deposit and would have a claim for the balance of the deposit. Additionally, Paragraph 4 makes clear that the total earnest-money deposit would be $50,000.

The trial court's ultimate ruling was correct. Because Forthright failed to pay the additional $45,000 by November 10, 2015, the trial court properly found that Forthright breached the Purchase Agreement on that date. Given that Forthright breached on November 10, 2015, it was unnecessary for the court to consider anything that occurred after that date, including plaintiff's claim that Forthright breached by failing to close on December 1, 2015.[7]

## C. FORTHRIGHT'S COUNTERCLAIMS

After granting summary disposition to plaintiff on his claims, the trial court dismissed Forthright's counterclaims for breach of contract and declaratory relief. Forthright's counterclaims alleged that plaintiff materially breached the Purchase Agreement by (1) failing to allow access to certain areas of the property for inspection, (2) failing to bring the property into compliance with all laws, (3) failing to maintain the property in the same conditions as existed at

---

[6] Although these rulings were made at the May 4, 2016, hearing on Forthright's motion for summary disposition, the trial court subsequently adopted "its previous discussion."

[7] Contrary to Forthright's argument, plaintiff did not clearly admit that he repudiated the contract. Rather, he explained that, on November 16, 2015, he sent notice that the earnest-money deposit was due and that he believed the agreement was defaulted and that he had no further obligations.

the time of the execution of the Purchase Agreement, and (4) failing to provide truthful and accurate information in the Seller's Disclosure Statement.

With regard to the alleged breach for failing to bring the property into compliance with all laws, Paragraph 15 of the Purchase Agreement provided, in relevant part, that "[t]he Property will be in compliance with all laws at closing." Under this provision, plaintiff was not obligated to have the property in compliance with all laws until closing, which, pursuant to Paragraph 6, was to occur on December 1, 2015, but did not occur because Forthright breached the Purchase Agreement on November 10, 2015. Because closing never occurred, plaintiff could not have breached this provision.

With regard to the alleged breach for failing to provide truthful information in the Seller's Disclosure Statement, Forthright specifically alleged in Paragraph 56 of its countercomplaint that "[t]he refusal/failure to provide truthful and accurate information in the Seller's Disclosure Statement has interfered with and impeded the ability of Forthright's lender(s) to complete their obligations." Forthright, however, failed to identify any specific information in the Seller's Disclosure Statement that was untruthful or inaccurate and that affected any lender. On appeal, Forthright argues that it relied on statements in the Seller's Disclosure Statement when it decided to purchase the property. While Forthright made this argument in response to plaintiff's motion for summary disposition, this was not, in fact, alleged in the countercomplaint. Therefore, the trial court properly dismissed Forthright's counterclaims.[8]

## IV. CASE-EVALUATION SANCTIONS

In Docket No. 335821, Forthright contends that the trial court erred by awarding case-evaluation sanctions to plaintiff. We disagree.

"A trial court's decision whether to grant case evaluation sanctions under MCR 2.403(O) presents a question of law, which this Court reviews de novo." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). In *Smith*, *id.* at 526-528, the Michigan Supreme Court stated:

> The general "American rule" is that "attorney fees are not ordinarily recoverable unless a statute, court rule, or common-law exception provides the contrary." Consistently with the American rule, this Court has specifically authorized case-evaluation sanctions through court rule, allowing the awarding of reasonable attorney fees to promote early settlements. The examination of those rules and the extent to which fees can be awarded is at issue in this case.
>
> MCR 2.403 is the Michigan court rule regarding case evaluation. The rule holds that if both parties accept a case evaluation, the action is considered settled and judgment will be entered in accordance with the evaluation. However, if one party accepts the award and one rejects it, as happened here, and the case

---

[8] On appeal, Forthright does not raise any argument regarding the other two breaches alleged in its countercomplaint regarding the failure to allow access to and maintain the property.

proceeds to a verdict, the rejecting party must pay the opposing party's actual costs unless the verdict is, after several adjustments, more than 10 percent more favorable to the rejecting party than the case evaluation. Actual costs are defined in MCR 2.403(O)(6) as those costs taxable in any civil action and "a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the case evaluation."

The purpose of this fee-shifting provision is to encourage the parties to seriously consider the evaluation and provide financial penalties to the party that, as it develops, "should" have accepted but did not. This encouragement of settlements is traditional in our jurisprudence, as it deters protracted litigation with all its costs and also shifts the financial burden of trial onto the party who imprudently rejected the case evaluation. This rule, however, is not designed to provide a form of economic relief to improve the financial lot of attorneys or to produce windfalls. Rather, it only permits an award of a *reasonable* fee, i.e., a fee similar to that customarily charged in the locality for similar legal services, which, of course, may differ from the *actual* fee charged or the highest rate the attorney might otherwise command. [Citations omitted.]

Forthright first argues that the trial court erred by awarding case-evaluation sanctions to plaintiff because the trial court's decision to enter judgment in the amount of $45,000 was clearly erroneous. For the reasons discussed above, the award of $45,000 was proper. Accordingly, Forthright's claim is without merit.[9]

Forthright also argues that the case evaluation itself was improper because the case was equitable in nature. MCR 2.403(A)(3) provides: "A court *may* exempt claims seeking equitable relief from case evaluation for good cause shown on motion or by stipulation of the parties if the court finds that case evaluation of such claims would be inappropriate." (Emphasis added.) The trial court was not required to exempt such claims, and in fact, no motion or stipulation was filed. Accordingly, Forthright fails to establish any error.

## V. MOTION TO SET ASIDE JUDGMENT

In Docket No. 340787, Forthright contends that the trial court abused its discretion by denying its motion to set aside the judgment and also erred by denying its request for an evidentiary hearing. We disagree.

This Court reviews a trial court's decision whether to set aside a prior order or judgment under MCR 2.612(C)(1) for an abuse of discretion. *CD Barnes Assoc, Inc v Star Heaven, LLC*, 300 Mich App 389, 421-422; 834 NW2d 878 (2013). Accordingly, such decision will only be reversed if it falls outside the range of principled outcomes. *Id*. at 422.

---

[9] Forthright does not otherwise dispute the amount of the award, which was $6,052 in attorney fees and costs.

MCR 2.612(C) provides:

(1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

(a) Mistake, inadvertence, surprise, or excusable neglect.

(b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

(d) The judgment is void.

(e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.

(f) Any other reason justifying relief from the operation of the judgment.

(2) The motion must be made within a reasonable time, and, for the grounds stated in subrules (C)(1)(a), (b), and (c), within one year after the judgment, order, or proceeding was entered or taken. Except as provided in MCR 2.614(A)(1), a motion under this subrule does not affect the finality of a judgment or suspend its operation.

(3) This subrule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding; to grant relief to a defendant not actually personally notified as provided in subrule (B); or to set aside a judgment for fraud on the court.

Forthright argued that the trial court should set aside the judgment under MCR 2.612(C)(1)(c) and (d). The trial court found no misrepresentation or fraud, and further stated that the alleged fraud would not have affected its ruling. The trial court further found, in part, that there was no newly-discovered evidence, its ruling would not have been different regardless of who owned the property, and there had been significant delay in bringing this claim. The trial court denied Forthright's motion for an evidentiary hearing.

For the reasons discussed earlier, Forthright has failed to establish that fraud or misrepresentation occurred. Accordingly, the trial court did not abuse its discretion by denying Forthright's request to set aside the judgment under MCR 2.612(C)(1)(c). Moreover, plaintiff had standing, and the judgment was not void for lack of jurisdiction. Thus, the trial court also did not abuse its discretion by denying the request under MCR 2.612(C)(1)(d).

In addition, the trial court did not abuse its discretion by finding that there had been significant delay in bringing this claim. Although Forthright brought its motion to set aside

within one year, MCR 2.612(C)(2) also requires that the motion "be made within a reasonable time[.]" The order granting summary disposition was entered on September 29, 2016, but Forthright did not file its motion to set aside the judgment until June 29, 2017. Forthright provided no explanation for waiting nine months to file its motion to set aside the judgment.

With regard to Forthright's argument that the trial court should have held an evidentiary hearing regarding his claims of fraud, in *Kiefer v Kiefer*, 212 Mich App 176, 179; 536 NW2d 873 (1995), this Court set forth the general proposition that an evidentiary hearing is necessary in cases where relief from judgment is sought on the basis of fraud. Such a hearing is not *always* necessary, however. *Williams v Williams*, 214 Mich App 391, 398-399; 542 NW2d 892 (1995).

In this case, an evidentiary hearing was not required because the allegations of fraud could be determined from the documentary evidence and because the trial court found that the alleged misrepresentation or fraud would not have affected its decision. In deciding the motion for summary disposition, the issue was whether Forthright breached the contract. Accordingly, the trial court did not abuse its discretion by ruling on the motion to set aside the judgment without an evidentiary hearing. See *Williams*, 214 Mich App at 399.

## VI. ATTORNEY FEES

In Docket No. 339558, Forthright argues that the trial court erred by awarding sanctions to plaintiff in connection with Forthright's motion to set aside the judgment. We disagree.

The trial court awarded sanctions pursuant to MCR 2.114.[10] "This Court reviews for clear error a trial court's decision regarding whether to impose sanctions under MCR 2.114. A decision is clearly erroneous when, although there may be evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *Kelsey v Lint*, 322 Mich App 364, 379; 912 NW2d 862 (2017) (quotation marks and citations omitted).

At the time sanctions were awarded, MCR 2.114(D) provided:

The signature of an attorney or party, whether or not the party is represented by an attorney, constitutes a certification by the signer that

(1) he or she has read the document;

(2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and

(3) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

---

[10] This rule was repealed effective September 1, 2018.

As this Court has stated:

> Under this rule, an attorney is under an affirmative duty to conduct a reasonable inquiry into both the factual and legal basis of a document before it is signed. The reasonableness of the inquiry is determined by an objective standard and depends on the particular facts and circumstances of the case. The filing of a signed document that is not well grounded in fact and law subjects the filer to sanctions pursuant to MCR 2.114(E). [*Kelsey*, 322 Mich App at 379 (quotation marks and citations omitted).]

MCR 2.114(E) provided:

> If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

"[I]f a violation of MCR 2.114(D) has occurred, the sanctions provided for by MCR 2.114(E) are mandatory." *Kelsey*, 322 Mich App at 380 (quotation marks and citation omitted).

With regard to plaintiff's request for sanctions, the trial court stated that it would award $250 an hour for the four hours that it took plaintiff's counsel to write the response brief to Forthright's motion to set aside the judgment, stating that it believed Forthright's motion was disingenuous and that there had been "so much gamesmanship."

For the reasons discussed earlier, the trial court properly denied Forthright's motion to set aside the judgment. Importantly, Forthright's motion for reconsideration raising primarily the same arguments as in the motion to set aside the judgment was also denied. Given this, and given the delay in filing the motion, the trial court did not clearly err by finding that Forthright's motion to set aside the judgment was filed for an improper purpose. We are not left with a firm and definite conviction that the trial court made a mistake. *Kelsey*, 322 Mich App at 379.

## VII. PIERCING THE CORPORATE VEIL

In Docket No. 343741, Clapper argues that the trial court erred by finding that Forthright was his mere instrumentality and piercing the corporate veil to hold him liable for the debts of Forthright. We agree that summary disposition was improper because plaintiff's complaint should have been dismissed as premature.

As noted, this Court reviews de novo a trial court's decision on a motion or summary disposition de novo. *Sanders*, 323 Mich App at 264. "This Court also reviews de novo a trial court's decision on whether to pierce a corporate veil because piercing a corporate veil is an equitable remedy." *Florence Cement Co v Vettraino*, 292 Mich App 461, 468; 807 NW2d 917 (2011).

In *Gallagher v Persha*, 315 Mich App 647, 653-654; 891 NW2d 505 (2016), this Court stated:

> As has been said many times before today, Michigan law respects the corporate form, and our courts will usually recognize and enforce separate corporate entities. But "usually" means not *always,* and when the requisite evidence establishes that the corporate form has been abused, the corporate form will be pierced so that creditors (and sometimes others) can seek payment of a corporate debt (like the judgment in this case) from a responsible corporate shareholder. Consequently, piercing the veil of a corporate entity is an equitable remedy sparingly invoked to cure certain injustices that would otherwise go unredressed in situations where the corporate entity has been used to avoid legal obligations . . . . It is therefore a remedy, and not a separate cause of action, something which the federal courts applying Michigan law have previously recognized. [Some quotation marks and citations omitted.]

The issue before this Court in *Gallagher* was "how a judgment-plaintiff procedurally pursues the piercing remedy once it is established that the corporate entity cannot pay the judgment, and there is some evidence or reason to believe that the corporate form has been abused to avoid legal obligations." *Id*. at 654. This Court concluded that the plaintiffs were entitled to bring a new action against the sole shareholder in an attempt to enforce the prior judgment that was entered against the corporation. *Id*. at 661. This Court stated that "liability is imposed because the fact-finder has concluded that the individual so misused the corporation that it was unable to pay on the outstanding judgment and an injustice would occur if the corporate form was not ignored." *Id*. at 664.

This Court's decision in *Gallagher* indicates that a new action to pierce the corporate veil is only proper "once it is established that the corporate entity cannot pay the judgment . . . ." *Id*. at 654. In this case, it was never established that Forthright was unable to pay the judgments in the original action. In his complaint, plaintiff alleged that the "judgments are unsatisfied because Forthright has no assets." In answers to interrogatories, Clapper did not identify any such assets other than Forthright's interest in the property pursuant to the Purchase Agreement. The evidence, however, did not establish that Forthright was unable to pay the judgments. In his deposition, Clapper testified that, although Forthright did not have a bank account, it had "the ability to get all the money it needs" through loans or equity. He further produced a Promissory Note that obligated Forthright to repay sums advanced by Florida Atlantic to Florida Atlantic, with interest. The parties do not dispute that Forthright was able to pay the $5,000 deposit and certain legal fees through Florida Atlantic. Additionally, Clapper testified that the reason that judgment had not yet been paid by Florida Atlantic was because the judgment was on appeal.[11] According to Clapper, if the appeal were resolved in favor of plaintiff, it would then be decided whether Florida Atlantic would pay the judgment. Because it was never established that

---

[11] On May 17, 2018, the parties filed a stipulation approving an appeal bond and staying enforcement of the judgments in both cases during the appeals.

Forthright could not pay the judgments, plaintiff's action was premature and should have been dismissed under MCR 2.116(C)(8) for failure to state a claim.

## VIII. CONCLUSION

In Docket Nos. 335635, 335821, 339558, and 340787, we affirm the trial court's orders in LC No. 2015-150628-CH. In Docket No. 343741, we reverse the trial court's order in LC No. 2017-157223-CZ and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher