*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHELE R. NAGLE,

       Plaintiff-Appellee,

v

KERRY C. NAGLE,

       Defendant-Appellant.

UNPUBLISHED
August 13, 2020

No. 345396
Oakland Circuit Court
LC No. 2012-803654-DO

Before: TUKEL, P.J., and SERVITTO and BECKERING, JJ.

PER CURIAM.

Defendant, Kerry Nagle, appeals by leave granted[1] the trial court's order denying his motion to set aside the judgment of divorce and its incorporated divorce settlement agreement that he entered into with his former wife, plaintiff Michele Nagle. Defendant argues that the judgment of divorce should be set aside because plaintiff fraudulently stole $250,000 from him throughout the course of their marriage, used that money to buy a house while they were married, and withheld the money and the property from the marital estate during the divorce proceedings. Consequently, defendant argues, he entered into the divorce settlement agreement based on an inaccurate understanding of the facts surrounding their divorce and plaintiff's finances. Defendant asserts that his motion is timely because plaintiff committed fraud and the divorce settlement agreement expressly permits him to bring this fraud claim. Plaintiff argues that the trial court did not err because defendant's motion was untimely and the plain language of the divorce settlement agreement prohibits either party from bringing fraud claims arising out of it. We agree with defendant and hold that the defendant's motion to set aside the judgment of divorce was expressly permitted by the divorce settlement agreement. Consequently, we vacate the trial court's order denying defendant's motion to set aside the judgment of divorce and its incorporated divorce settlement agreement and remand to the trial court to determine whether it should exercise its equitable powers to find that defendant's motion was truthful and accurate.

---

[1] *Nagle v Nagle*, unpublished order of the Court of Appeals, entered March 7, 2019 (Docket No. 345396).

## I. UNDERLYING FACTS

Plaintiff and defendant were married in September 2001 and divorced in August 2013. The parties entered into a divorce settlement agreement which included, in relevant part, a provision titled "Mutual Release of Claims," stating:

> Each party hereby releases the other, their heirs, assigns and successors in interest from all claims or causes of action that either may have against the other, known or unknown, which may have occurred prior hereto, whether that claim be founded in contract, tort, or upon any other basis. This release does not exclude any claims based upon fraud or which arise out of the obligations created by or specifically preserved in this Settlement Agreement.[2]

The divorce settlement agreement was incorporated into and merged with the judgment of divorce. This case arises out of defendant's allegations that plaintiff committed fraud by stealing $250,000 from him while they were married, using most of that money to buy a house with her boyfriend, Andrew Compton, while she was still married to defendant, and then failing to disclose any of this information during the divorce proceedings. Defendant learned about plaintiff's alleged actions in October 2017 when he deposed Compton in an unrelated case.

Four months after learning about plaintiff's alleged fraud, defendant filed a motion to set aside the judgment of divorce based on plaintiff's fraud. Plaintiff argued that defendant's motion was untimely and that, even if it was timely, the mutual release clause expressly precluded defendant from bringing any claim based on fraud. The trial court agreed with plaintiff and denied defendant's motion to set aside the judgment of divorce. This appeal followed.

## II. ANALYSIS

Defendant argues that the trial court erred by denying his motion to set aside the judgment of divorce based on plaintiff's alleged fraud. We agree.

"A trial court's decision on a motion to set aside a prior judgment is discretionary and will not be reversed on appeal absent an abuse of discretion." *Heugel v Heugel*, 237 Mich App 471, 478; 603 NW2d 121 (1999). "An abuse of discretion occurs when the decision resulted in an outcome falling outside the range of principled outcomes." *Hayford v Hayford*, 279 Mich App 324, 325; 760 NW2d 503 (2008). Similarly, "[a]n error of law necessarily constitutes an abuse of discretion." *Denton v Dep't of Treasury*, 317 Mich App 303, 314; 894 NW2d 694 (2016). "The interpretation and application of court rules present questions of law to be reviewed de novo using the principles of statutory interpretation." *Lamkin v Engram*, 295 Mich App 701, 707; 815 NW2d 793 (2012). Additionally, "questions involving the proper interpretation of a contract or the legal effect of a contractual clause are also reviewed de novo." *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005).

---

[2] The "Mutual Release of Claims" clause will be referred to as the mutual release clause throughout this opinion.

A settlement agreement in a divorce action constitutes a contract. *Myland v Myland*, 290 Mich App 691, 700; 804 NW2d 124 (2010). "In ascertaining the meaning of a contract, we give the words used in the contract their plain and ordinary meaning that would be apparent to a reader of the instrument." *Rory*, 473 Mich at 464. "A fundamental tenet of our jurisprudence is that unambiguous contracts are not open to judicial construction and must be enforced as written." *Id*. at 468. Contracts are enforced "according to their unambiguous terms because doing so respects the freedom of individuals freely to arrange their affairs via contract." *Id*. Furthermore, "[a] court must look at the contract as a whole and give meaning to all terms." *Auto Owners Ins Co v Seils*, 310 Mich App 132, 145; 871 NW2d 530 (2015) (citation and quotation marks omitted). Finally, "[a] dictionary may be consulted to ascertain the plain and ordinary meaning of words or phrases used in the contract." *Id*.

As stated earlier, the mutual release clause of the divorce settlement agreement states:

> Each party hereby releases the other, their heirs, assigns and successors in interest from all claims or causes of action that either may have against the other, known or unknown, which may have occurred prior hereto, whether that claim be founded in contract, tort, or upon any other basis. This release does not exclude any claims based upon fraud or which arise out of the obligations created by or specifically preserved in this Settlement Agreement.

The language of the mutual release clause is clear and unambiguous, but the parties nevertheless dispute the meaning of the clause's second sentence: "This release does not exclude any claims based upon fraud or which arise out of the obligations created by or specifically preserved in this Settlement Agreement." Plaintiff argues that this sentence properly should be read to *include* fraud claims as a type of claim that the parties are barred from bringing against each other; defendant argues that this sentence allows him to bring his fraud claim.

"All words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning." MCL 8.3a. The word "exclude" has not acquired any technical legal meaning, and thus this Court must interpret it according to its common and approved usage. This Court may consult dictionary definitions to give words their common and ordinary meaning. *Krohn v Home-Owners Ins Co*, 490 Mich 145, 156; 802 NW2d 281 (2011). The plain meaning of "exclude," is "to prevent or restrict the entrance of," or "to bar from participation, consideration, or inclusion," and "to expel or bar esp. from a place or position previously occupied." *Merriam-Webster's Collegiate Dictionary* (2014). Thus, the clear language of the mutual release clause states that it *does not* prevent or bar from consideration claims based on fraud. Plaintiff reads the release exactly the opposite way of what it says, as actually meaning that it bars all claims based on fraud. Furthermore, plaintiff's interpretation of the mutual release clause would render the second sentence nugatory. The first sentence of the mutual release clause prevents each party from bringing any claim against the other, whether any such claim is "known or unknown." The second sentence then specifically addresses claims of fraud and claims to enforce the terms of the divorce settlement agreement. Both types of claims would have been unknown to defendant at the time the parties entered into the divorce settlement agreement. Thus, if plaintiff's interpretation of the mutual release clause was correct, the second sentence of the mutual release clause would not add

anything to the mutual release clause. Because courts must look at contracts as a whole and give meaning to each term in a contract, plaintiff's view of the meaning of the mutual release clause also fails for this reason. See *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 468; 663 NW2d 447 (2003) (holding that "courts must also give effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory"); *Auto Owners Ins Co*, 310 Mich App at 145. Thus, the trial court erred when it held that the mutual release clause barred defendant's fraud claim.[3]

Even though the divorce settlement agreement permitted defendant to bring his fraud claim, his motion to set aside the judgment of divorce was nevertheless required to be timely for the trial court to consider it. A party may seek relief from judgment under MCR 2.612(C), which provides:

> (1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:
>
>> (a) Mistake, inadvertence, surprise, or excusable neglect.
>>
>> (b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).
>>
>> (c) *Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party*.
>>
>> (d) The judgment is void.
>>
>> (e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.
>>
>> (f) Any other reason justifying relief from the operation of the judgment.

---

[3] The proper term of art, which would have further reduced any reasonable argument in support of plaintiff's position, would have been "bar." The word "bar," in the law of contracts, means "[a] barrier to or the destruction of a legal action or claim." *Black's Law Dictionary* (11th ed). It also would have been helpful, in transitioning to the second sentence, to use a proviso. "A 'proviso' is 'an article or clause that introduces a condition: stipulation.' " *People v Perkins*, 473 Mich 626, 639; 703 NW2d 448, 455 (2005) (citation omitted). For example, a statement in the settlement agreement such as "provided, however, that this agreement shall not be deemed to bar a claim based on fraud," would have further clarified matters by showing that the second sentence was an exception to the more general language of the first sentence. Nonetheless, for the reasons given, the language used was sufficiently clear to demonstrate an intention to not bar claims based on fraud, and the only reasonable reading of the second sentence is as a proviso, even though that term was not used.

(2) The motion must be made within a reasonable time, and, for the grounds stated in subrules (C)(1)(a), (b), and (c), within one year after the judgment, order, or proceeding was entered or taken. Except as provided in MCR 2.614(A)(1), a motion under this subrule does not affect the finality of a judgment or suspend its operation.

(3) This subrule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding; to grant relief to a defendant not actually personally notified as provided in subrule (B); *or to set aside a judgment for fraud on the court*. [Emphases added.]

Defendant sought relief pursuant to subrules (1)(b), (1)(c), (1)(f), and (3). Because subrule (2) states that the grounds set forth in subrules (1)(b) and (1)(c) must be alleged within one year after the judgment, defendant's reliance on those subrules is unavailing. Thus, his motion was untimely unless either subrule (1)(f) or (3) was applicable. Furthermore, defendant did not seek to set aside the judgment of divorce in an independent action; rather he filed his motion to set aside the judgment of divorce as part of his underlying divorce case. Thus, subrule (3) also does not apply. See *Kiefer v Kiefer*, 212 Mich App 176, 182; 536 NW2d 873 (1995) (holding that "the one-year time limit applies [to MCR 2.612(C)(3)] except when the plaintiff brings an independent action that claims either the plaintiff did not have actual notice or there was a fraud on the court"). Consequently, defendant's motion to set aside the judgment of divorce is only timely if the requirements of subrule (1)(f) are met.

A motion to set aside a prior judgment is timely under MCR 2.612(C)(1)(f) if it is filed in a "reasonable time." MCR 2.612(C)(2). Defendant filed his motion to set aside the judgment of divorce about 4 ½ years after the judgment of divorce, but only four months after Compton's deposition in which Compton outlined the alleged scope of plaintiff's fraudulent actions. Thus, defendant filed his motion to set aside the judgment of divorce within a reasonable time because it was filed only four months after learning of plaintiff's alleged fraud.

As a general rule,

In order for relief to be granted under MCR 2.612(C)(1)(f), the following three requirements must be fulfilled: (1) the reason for setting aside the judgment must not fall under subsections a through e, (2) the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside, and (3) extraordinary circumstances must exist that mandate setting aside the judgment in order to achieve justice. Generally, relief is granted under subsection f only when the judgment was obtained by the improper conduct of the party in whose favor it was rendered. [*Heugel*, 237 Mich App at 478-479 (citations omitted).]

Furthermore, MCR 2.612(C)(1)(f) "provides the court with a grand reservoir of equitable power to do justice in a particular case and vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Id*. at 481 (citation and quotation marks omitted). Based on these broad equitable powers, a trial court may "properly grant relief from a judgment under MCR 2.612(C)(1)(f), even where one or more of the bases for setting aside a judgment under subsections a through e are present, when additional factors exist that persuade the court that injustice will result if the judgment is allowed to stand." *Id*.

Defendant sought to set aside the judgment of divorce based on fraud, MCR 2.612(C)(1)(c). Consequently, he is only entitled to relief under MCR 2.612(C)(1)(f) if "additional factors exist that persuade the court that injustice will result if the judgment is allowed to stand." *Heugel*, 237 Mich App at 481. The trial court found that defendant's motion to set aside the judgment of divorce was untimely under MCR 2.612(C)(1)(f) because it determined that the mutual release clause prevented defendant from bringing his fraud claim. For the reasons addressed earlier, however, this conclusion was erroneous. Indeed, a failure to set aside the judgment would permit "the improper conduct of the party in whose favor it was rendered," *Heugel*, 237 Mich App at 478-479, to inure to the alleged wrongdoer's benefit.

As stated by this Court in *Kiefer*, 212 Mich App at 179,

> Where a party has alleged that a fraud has been committed on the court, it is generally an abuse of discretion for the court to decide the motion without first conducting an evidentiary hearing regarding the allegations. An evidentiary hearing is necessary where fraud has been alleged because the proof required to sustain a motion to set aside a judgment because of fraud is "of the highest order." [Citations omitted. See also *Williams v Williams*, 214 Mich App 391, 399; 542 NW2d 892, 895 (1995).

Thus, we must remand to the trial court for it to determine whether defendant's allegations that plaintiff committed fraud by stealing from him and hiding the Kiev property during their divorce are true.[4] We therefore vacate the trial court's order denying defendant's motion to set aside the judgment of divorce and its incorporated divorce settlement agreement and remand to the trial court for the required evidentiary hearing.

## III. CONCLUSION

For the reasons stated earlier, the trial court's order denying defendant's motion to set aside the judgment of divorce is vacated and we remand to the trial court for proceedings consistent with this opinion. We do not retain jurisdiction. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Jonathan Tukel
/s/ Deborah A. Servitto
/s/ Jane M. Beckering

---

[4] We note that plaintiff has not yet specifically responded to defendant's factual allegations of fraud. Indeed, plaintiff's statement at the preliminary examination in defendant's criminal case that she received the money with which she bought the Kiev house from her father contradicts Compton's statements in his deposition that plaintiff stole the money from defendant.